# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DOUGLAS THOMPSON, | ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 12-0576-CV-W-DGK-P |
| LARRY DENNEY, | ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner filed this 28 U.S.C. § 2254 habeas corpus petition pro se on May 9, 2012. Petitioner does not challenge the conviction or sentence for which he is confined. Instead, petitioner challenges the Missouri Board of Probation and Parole's ("MBPP") decision to deny him parole on May 1, 2012,[1] pursuant to Mo. Rev. Stat. §§ 217.655, 217.690, 558.011, & 558.019.

Petitioner claims that, in granting or denying a prisoner a conditional release term, the MBPP adheres to the statutes when dealing with a prisoner who has a sentence of fifteen years or less, but not for a prisoner, like petitioner, who is serving a longer sentence. Petitioner claims that the MBPP's denial of a conditional release term violates equal protection and due process under the Fourteenth Amendment. (Doc. No. 1). Respondent contends that petitioner's grounds are successive, abusive, and lack merit.

As respondent notes, there is no federally cognizable right to a certain parole determination. In order to invoke the Court's habeas jurisdiction, a prisoner must allege "that he

---

[1] Petitioner also challenges the MBPP's September 2009 decision, but these claims were severed and dismissed as successive in the Court's Order of September 4, 2012 (Doc. No. 16).

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); see also Ingrassia v. Purkett, 985 F.2d 987, 988 (8th Cir. 1993). The role of this Court is not to substitute its judgment for that of the MBPP, "but rather to determine whether the decision not to release [petitioner] was made in accordance with the demands of the Constitution." Burnside v. White, 760 F.2d 217, 219 (8th Cir.), cert. denied, 474 U.S. 1022 (1985).

Petitioner claims that the parole board's decision was discriminatory against prisoners serving sentences greater than fifteen years. As an equal protection claim, petitioner's contention lacks merit.

In the factually similar case of Nolan v. Thompson, the Eighth Circuit commented that:

> Finally, Nolan argues that the Board discriminated, and is discriminating, against him in denying him parole and granting it to others similarly situated. Because Nolan does not allege that he is a member of a protected class or that his fundamental rights have been violated, he must prove that the Board systematically and "intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) (per curiam) ("class-of-one" standard); see also *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003). Identifying the difference in treatment is especially important in class-of-one cases for statistical reasons. In the absence of a large number of disadvantaged people sharing a single characteristic, "there is no way to know whether the difference in treatment was occasioned by legitimate or illegitimate considerations without a comprehensive . . . canvassing of all possible relevant factors." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213-14 (10th Cir. 2004). A class-of-one plaintiff must therefore "provide a specific and detailed account of the nature of the preferred treatment of the favored class," especially when the state actors exercise broad discretion to balance a number of legitimate considerations. *Id.* at 1214-15.

> Nolan has failed to provide evidence sufficient to meet this high burden of proof. First, Nolan has failed to prove that the Board intentionally discriminated against him or even denied him parole on an irrational basis. Instead, the record reveals that the Board has consistently given a facially legitimate reason for denying Nolan parole, and there is no evidence that the Board's stated reason is pretextual. Nolan asks us to infer that the Board has intentionally discriminated against him from his assertions that he has an excellent institutional record and that the circumstances surrounding his case are not as heinous as those in other cases. We decline to do so.
>
> The Board has discretion to consider a wide range of individualized factors in making parole decisions. In support of his equal protection claim, Nolan merely provided a spreadsheet listing the names of approximately twenty other inmates, together with their races, the names of their offenses, sentence length, time served, parole hearing dates, and release dates. He also referenced court cases detailing the crimes of two other inmates serving life sentences for first-degree murder who allegedly were paroled after a term of imprisonment shorter than that which Nolan has served. We conclude that this evidence does not provide the requisite "comprehensive . . . canvassing of all possible relevant factors," nor does it "provide a specific and detailed account of the nature of the preferred treatment of the favored class." *Id.* at 1214.

Nolan v. Thompson, 521 F.3d 983, 989-90 (8th Cir. 2008).

Similarly to Nolan, petitioner has failed to adduce any evidence that he is part of a protected class or that his fundamental rights have been violated. Consequently, he has not met the high burden of showing that the MBPP acted in an irrational and discriminatory fashion.

Because petitioner's claims are not cognizable on habeas review, they will be denied and this case will be dismissed, with prejudice.

## **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004).

Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## **ORDER**

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is **DENIED**;

(2) this case is **DISMISSED** with prejudice; and

(3) the issuance of a certificate of appealability is **DENIED**.

       /s/ Greg Kays
       GREG KAYS
       UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  April 3, 2013,